## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHASE NEILL,

        **Plaintiff,**

        **v.**                         **CASE NO. 23-3126-JAR**

JARED MAAG, et al.,

        **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Chase Neill brings this civil rights action. Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He is a federal prisoner confined at the U.S. Penitentiary in Leavenworth, Kansas ("USP-Leavenworth"). For the reasons discussed below, Plaintiff's Complaint is dismissed. Also before the Court are five (5) motions filed by Plaintiff.

**I. Nature of the Matter before the Court**

Plaintiff's Complaint (Doc. 1)[1] is based on his prosecution for violation of 18 U.S.C. 155(a)(1)(B), Threatening a Federal Official. *See United States v. Neill*, Case No. 22-CR-40037 (D. Kan.). Plaintiff was found guilty after a 3-day jury trial and sentenced on May 23, 2023, to 46 months imprisonment followed by 3 years of supervised release. *Id*. at Doc. 169 (Judgment in a Criminal Case). On May 26, 2023, Plaintiff filed a Notice of Appeal. *Id*. at Doc. 177. On May 30, 2023, his appeal was docketed in the Tenth Circuit Court of Appeals and remains pending. *See United States v. Neill*, Case No. 23-3096 (10th Cir.).

---

[1] Plaintiff contemporaneously filed a second complaint (Doc. 1-1). To the extent Doc. 1-1 contains any allegations or claims not included in Doc. 1, they have not been considered

Plaintiff asserts the primary basis of jurisdiction as 42 U.S.C. § 2000a – 2000a-6(a).  He also references 42 U.S.C. § 2000bb(b)(2), 42 U.S.C. § 2000cc, *Bivens v. Six Unknown Named Federal Agents*, 42 U.S.C. § 1983, 28 U.S.C. § 1346(b)(1), and 28 U.S.C. § 2671.  The Complaint alleges generally that the defendants engaged in wrongful conduct, including prosecuting him, "on account of religious and racial discrimination."  *See* Doc. 1, at 9, 11, 13, for example.  Plaintiff states that he is "Mashiach," the "One who comes in the name of the Lord" and "the only one whom has and bears and has authenticated and officially-proven his record of religious identity corroborating this fact without any room of doubt."  *Id*. at 13.

Plaintiff includes twenty-seven (27) claims in the Complaint: (1) discriminatory enforcement of law 18 U.S.C. § 115; (2) negligence, or more specifically the negligent refusal to "comply with Attorney General-implemented 'requirement of nondiscrimination' which prohibited the Prosecution and arrest of the Plaintiff"; (3) abuse of process by "misusing" the proceedings in Case No. 22-CR-400037 for "malicious, illegal, unconstitutional, and discriminative intents/purposes"; (4) malicious prosecution; (5) discriminatory enforcement of law 18 U.S.C. § 4241; (6) discriminatory enforcement of law 18 U.S.C. § 3241; (7) discriminatory defamation on account of religion/race/national origin in the course of the prosecution of Plaintiff; (8) discrimination-based false light invasion of privacy on account of religion/race/national origin in the course of the criminal proceedings; (9) discrimination-based fraud on account of religion, ancestry, and national origin in the course of the prosecution; (10) discrimination-based false arrest/wrongful detention; (11) discrimination-based unlawful conversion of property (described by Plaintiff as "the souls of the people") with a value "over $156-centillion" in the course of the criminal proceedings; (12) discrimination-based interference with contracts (the contract being the Ten Commandments or "The Covenant") by arresting and prosecuting Plaintiff; (13)

discrimination-based fraud by silence or fraudulent concealment for concealing "known and authenticated, proven-official, facts of the Plaintiff's identity" in the criminal proceedings; (14) discrimination-based deprivation of the right to free speech as a result of his arrest and prosecution; (15) discrimination-based deprivation of the right of free exercise as a result of his arrest and prosecution; (16) discrimination-based deprivation of the right of protection of the Establishment Clause as a result of his arrest and prosecution; (17) discrimination-based deprivation of the rights and protections of the Due Process Clause by engaging in "conduct that is extremely shocking to conscience" in the course of his arrest and prosecution; (18)  discrimination-based deprivation of the rights and protections of the Equal Protection Clause by depriving Plaintiff of an impartial jury; (19) discrimination-based deprivation of the rights and protections of the Faithful Execution Clause by "illegally" prosecuting Plaintiff; (20) deprivation of the protections of the Prohibited Powers Clause (Article 1, Section 9, Clause 1) of the U.S. Constitution by "illegally prosecuting the Plaintiff"; (21) discriminatory deprivation of Plaintiff's Second Amendment right to bear arms, resulting in Plaintiff suffering "injury to his left arm" as "God's punishment for not speaking" because of his arrest and prosecution; (22) deprivation of Plaintiff's rights and protections of the Religious Freedom Restoration Act ("RFRA") through his arrest and prosecution; (23) discriminatory enforcement of the U.S. Sentencing Guidelines; (24) deprivation of Plaintiff's protection of the Disqualifications Clause of the Fourteenth Amendment because the defendants participated in a war against the Constitution, God, and religion by prosecuting Plaintiff; (25) discriminatory deprivation of Plaintiff's Sixth Amendment right and protection of "competent, indiscriminant, and impartial counsel"; (26) conspiracy to interfere with the exercise of religious speech through Plaintiff's prosecution; and (27) the common law tort of outrage through various statements and acts associated with Plaintiff's prosecution.

Plaintiff names as defendants three federal prosecutors, two federal judges, two congressional aides, a U.S. Capitol police officer, five Kansas legislators, two officers with the Lawrence Police Department, the governor of Kansas, the Lawrence Police Department, the State of Kansas, an FBI agent, a psychologist, two federal public defenders, and a U.S. Congressman.

Plaintiff seeks relief in the form of compensatory damages of not less than $250 million and punitive damages of the same amount.  He further seeks, among other things, an order granting him "immunity of religious conduct and speech"; an order "entitling Plaintiff to diplomatic-type immunity pursuant to Common Law Divine Right of Kings"; prosecution of the defendants for various crimes, up to and including treason; an order for Plaintiff's immediate release; an order staying the criminal proceedings in Case No. 2022-CR-40037; and an order requiring the U.S. Secret Service to restore to Plaintiff his "aural energy, which is described as the glowing luminescent light often painted or depicted around angels, typically denoting a 'halo.'"  *Id.* at 33-39.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d

910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

After reviewing Plaintiff's Complaint, the Court finds that it is subject to dismissal for the following reasons.

### A. *Heck* Bar

All of Plaintiff's claims are attempting to attack the validity of his federal conviction or sentence. This is an improper use of a civil rights action. *Alexander v. Lucas*, 259 F. App'x 145, 147 (10th Cir. 2007). The United States Supreme Court has held that if judgment in favor of the prisoner plaintiff in a § 1983 action "would necessarily imply the invalidity of his conviction or sentence[, then] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id.* at 486–87. *Heck* has been found to apply whether the conviction or sentence is for a state or a federal crime. *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). Further, "[t]hough *Heck* dealt with only § 1983 actions, the doctrine has since been expanded . . . [and] now applies to both state and federal officials, meaning it applies both to § 1983 claims and to *Bivens* claims." *Coleman v. United States Dist. Court of*

*New Mexico*, 678 F. App'x 751, 754 (10th Cir. 2017) (unpublished) (citing *Crow*, 102 F.3d at 1087). "And it applies regardless of whether a plaintiff seeks damages or declaratory or injunctive relief." *Id*. (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005)).

The purpose behind *Heck* is "to prevent litigants from using a [civil rights action], with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Johnson v. Pottawotomie Tribal Police Dep't*, 411 F. App'x 195, 198 (10th Cir. 2011), *quoting Butler v. Compton,* 482 F.3d 1277, 1279 (10th Cir. 2007).

A judgment in Plaintiff's favor on any of his claims could imply that his conviction or sentence is invalid. Because Plaintiff does not demonstrate that his conviction or sentence has already been invalidated (and cannot do so because his criminal case is currently pending on appeal as noted above), his claims in this lawsuit are barred by *Heck*. The Complaint is therefore dismissed.

## B.   Sovereign Immunity

Any official capacity claims against federal officials or a claim against the United States is barred by sovereign immunity. *See Peterson v. Timme*, 621 F. App'x 536, 541 (10th Cir. 2015) (unpublished) (finding that a suit against a federal official in his official capacity is actually a suit against the sovereign—the United States—and is barred by sovereign immunity) (citing *Farmer v. Perrill,* 275 F.3d 958, 963 (10th Cir.2001) ("[A]ny action that charges [a federal] official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States."); *accord Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1231 (10th Cir.2005)).

"Ordinarily, federal courts lack jurisdiction to entertain such claims in accordance with principles of sovereign immunity." *Id.* (citing *Governor of Kan. v. Kempthorne,* 516 F.3d 833, 841 (10th Cir.2008) ("[C]laims of sovereign immunity implicate our jurisdiction . . . ."); *Merida Delgado v. Gonzales,* 428 F.3d 916, 919 (10th Cir.2005) ("In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity.")); *see also  Hale v. FBOP*, 759 F. App'x 741, at n.4 (10th Cir. 2019) ("RFRA does not waive the federal government's sovereign immunity from damages.") (citing *Davila v. Gladden*, 777 F.3d 1198, 1210 (11th Cir. 2015); *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 840-41 (9th Cir. 2012); *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006); *The Cherokee Nation West v. U.S. Army Corps of Engineers*, 2016 WL 4548441, at *4 (N.D. Okla. Aug. 31, 2016) ("[N]either RFRA nor RLUIPA include waivers of the federal government's sovereign immunity for actions requesting money damages.") (citing *see United States v. Dillard*, 884 F. Supp. 2d 1177, 1182 (D. Kan. 2012), *aff'd,* 795 F.3d 1191 (10th Cir. 2015) (no waiver of federal government's sovereign immunity for monetary damages claims under RFRA or RLUIPA)).

"Congress alone has the power to waive sovereign immunity and such waivers must be unequivocally expressed and strictly construed in favor of the United States."  *Federal Trade Comm'n v. Apply  Knowledge, LLC*, 2015 WL 12780893, at *1 (D. Utah 2015) (noting the waiver of the United States' sovereign immunity under the FTCA).  "A party suing the United States, its agencies or officers, must allege both a basis for the court's jurisdiction and a specific statute containing a waiver of the government's immunity from suit.  Any waiver of sovereign immunity must be '**unequivocally expressed in statutory text**,' and courts must strictly construe any such waiver in favor of the United States."  *Good v. United States Dep't of Ed.*, 2022 WL 2191758, at *6 (D. Kan. 2022) (citations omitted) (emphasis added).

### C.  Immune Defendants

In addition to being barred by *Heck*, several of the defendants named by Plaintiff are either absolutely immune from liability or are improper defendants to a civil rights action.

"Judges of courts of limited jurisdiction are immune from civil liability when they act within their jurisdiction." *Van Sickle v. Holloway*, 791 F.2d 1431, 1435-36 (10th Cir. 1986).  The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus." *Butz v. Economou,* 438 U.S. 478, 512 (1978).  "Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."  *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986).  It is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 20 L. Ed. 646 (1872)).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Id.* at 356.

The Tenth Circuit has held that judicial immunity shields a judge from claims for injunctive relief as well.  *Peterson v. Timme*, 621 F. App'x 536, 540 (10th Cir. 2015) (unpublished) ("Sovereign immunity divests the court of jurisdiction to entertain any official-capacity claims[,] . . . [j]udicial immunity shields the judge from any individual-capacity claims for money damages, and injunctive relief is unavailable because [plaintiff] complains of acts that were subject to appellate review.").

Plaintiff's allegations regarding Judge Teeter and Judge Schwartz fall squarely within judicial immunity.  Both are subject to dismissal from this action.

Defendants Maag, Jacobs, and Hunting are federal prosecutors.  Prosecutors are absolutely immune from civil liability for damages for acts taken "within the scope of [their] duties in initiating and pursuing a criminal prosecution."  *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009).  The immunity applies even to malicious actions and false or defamatory statements.  *Imbler,* 424 U.S. at 420.

Plaintiff's allegations in the Complaint are all related to actions these defendants took in the course of their prosecution of Plaintiff.  Therefore, Defendants Maag, Jacobs, and Hunting are entitled to immunity and are subject to dismissal.

### D.  Requested Relief

Plaintiff requests numerous forms of relief, some of which are unavailable.  First, Plaintiff seeks money damages, but he does not credibly allege any physical injury caused by the alleged deprivations of his constitutional rights.

Section 1997e(e) . . . provides in pertinent part:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

This provision bars a prisoner from bringing a claim for compensatory damages without a prior showing of a physical injury.  *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 807

(10th Cir. 1999). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002) (applying §1997e(e) to the plaintiff's First Amendment claim for free exercise of religion). Plaintiff's request for damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e).

Plaintiff also requests release from custody. Where a prisoner claims entitlement to immediate or speedier release, a petition for habeas corpus relief is his sole remedy in federal court. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release."). If Plaintiff wishes to pursue release, he must file a petition for writ of habeas corpus or seek relief in his underlying criminal case.

Another type of relief Plaintiff requests is the prosecution of various defendants. The Court is without authority to grant such relief. *See Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ("The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment.").

## IV. Pending Motions

### A. Motion for Relief (Doc. 4)

Plaintiff asks the Court to serve the Defendants. In the motion, he also argues that his Complaint should not be dismissed as frivolous. The motion is denied as moot.

**B. Motion and Application for Preventative Relief and Mandatory Relief by Way of Injunction (Doc. 5)**

Plaintiff asks the Court to issue injunctions to prevent his sentencing in 22-CR-400037 and to order his temporary release.  He argues that his release is authorized by 42 U.S.C. § 2000a-3(a).

The statute cited by Plaintiff is part of the Public Accommodation provision of the Civil Rights Act of 1964.  *Daniel v. Paul*, 395 U.S. 298, 306 (1969).  The substance of the Public Accommodation Act is expressed in 42 U.S.C. § 2000a(a):

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).

Plaintiff argues that his lawsuit and his request in this motion fall under the Public Accommodation Act because the federal courthouse where his criminal case was tried is a "place of public accommodation."  However, the Act defines places of public accommodation as:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>
> (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b).

Plaintiff does not provide any support for his contention that the Act is applicable to his prosecution.  The Court has found no support for such application and rejects Plaintiff's attempt to bring his claims under the Public Accommodation Act.

Plaintiff has already been sentenced so that portion of the motion is denied as moot.  Plaintiff's request for release is denied because, as discussed above, "a petition for habeas corpus relief is his sole remedy in federal court."  *Preiser*, 411 U.S. at 499.

### C.  Motion for Information Disclosure and Assignment of Case (Doc. 8)

Plaintiff asks for the status of his case and request for injunctive relief.  He further asks that his case be assigned to Kansas City.  Plaintiff's request for information is granted by virtue of this Order.  His assignment request is denied as moot since the case is dismissed.

### D.  Motion to Object to Order for Filing Fee, Amend Jurisdiction, and Consider Recusal of Judge (Doc. 9)

First, Plaintiff "objects to the $53.50 filing fee."  Doc. 9, at 1.  To clarify, the $53.50 amount is the initial partial filing fee.  As stated in the Order granting Plaintiff leave to proceed in forma pauperis (Doc. 6), Plaintiff remains obligated to pay the remainder of the $350.00 filing fee.

Plaintiff argues that a provision of the Public Accommodation Act, 42 U.S.C. § 2000a-3(a), authorizes the commencement of a civil action without payment of fees.  As discussed above, the Court rejects Plaintiff's attempt to bring claims under the Act.  He further argues that he should not have to pay because he cannot afford the filing fee, "nor should he be expected to, because freedom of religion is free."  Doc. 9, at 2.  Plaintiff essentially argues that requiring him to pay is unconstitutional.

Proceedings in forma pauperis are governed by 28 U.S.C. § 1915.  The statute provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."  28 U.S.C. § 1915(b)(1).  The court is required to

assess an initial partial filing fee calculated under the statute, and the prisoner is required to make monthly payments of 20% of the preceding month's income until the full fee is paid.  28 U.S.C. § 1915(b)(1) and (2).

The constitutionality of the the in forma pauperis provisions of the Prison Litigation Reform Act ("PLRA") have been challenged by prisoners and consistently upheld.  *See Singleton v. Smith*, 241 F.3d 534 (6th Cir. 2001); *Murray v. Dosal*, 150 F.3d 814 (8th Cir. 1998); *Nicholas v. Tucker*, 114 F.3d 17 (2d Cir. 1997); *Roller v. Gunn*, 107 F.3d 227 (4th Cir. 1997); *Mitchell v. Farcass*, 112 F.3d 1483 (11th Cir. 1997).

Therefore, Plaintiff's motion to waive the filing fee is denied.  However, the Court will waive the prepayment of the initial partial filing fee of $53.50.

Second, Plaintiff asks that his Complaint be amended to add the United States as a defendant.  The motion is denied as moot given the dismissal of the case under *Heck*.

Last, Plaintiff asks that U.S. District Judge Lungstrum consider recusal from the case. Because the case has been reassigned to the undersigned, the request is denied as moot.

**E. Motion for Emergency Preliminary and/or Preventative Injunction/Relief (Doc. 12)**

Plaintiff's motion for emergency injunctive relief is also denied.  Plaintiff seeks an injunction to prevent his transfer to another Bureau of Prison's facility.  Plaintiff seeks to prevent his transfer until he has finished pursuing litigation and submitting his appellate brief in his appeal of his criminal conviction.  The Court is dismissing this case.  To the extent Plaintiff is transferred and needs additional time to submit his appellate brief, he should seek relief in the appellate court.

**V.  Conclusion**

The Court has screened Plaintiff's Complaint and dismisses this case for failure to state a

claim.[2]  Plaintiff's claims are barred by *Heck*.  He has also named several immune defendants, and he has otherwise failed to state a valid claim for relief.  The Court finds that an opportunity to amend would be futile.  *See Higgins v. City of Tulsa*, 103 F. App'x 648, 652 (10th Cir. 2004) (affirming a *sua sponte* dismissal when the *Heck* infirmity was "patently obvious" (internal quotation marks omitted)).

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief (Doc. 4) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Application for Preventative Relief and Mandatory Relief by Way of Injunction (Doc. 5) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Information Disclosure and Assignment of Case (Doc. 8) is **granted in part** and **denied in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Object to Order for Filing Fee, Amend Jurisdiction, and Consider Recusal of Judge (Doc. 9) is **granted in part**.  Prepayment of the initial partial filing fee of $53.50 is waived.  Plaintiff's request to waive the full filing fee is **denied**.  Plaintiff's request to add a defendant is **denied as moot**.  Plaintiff's request for recusal is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Emergency Preliminary and/or Preventative Injunction/Relief (Doc. 12) is **denied.**

---

[2]  The Tenth Circuit has held that a dismissal under *Heck* is for failure to state a claim.  *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Miles v. Kansas*, 770 F. App'x 432 (10th Cir. 2019) (unpublished) (dismissing appeal of *Heck* dismissal as frivolous and assessing two strikes, one for the district court's dismissal and one for the Tenth Circuit's dismissal).

**IT IS SO ORDERED**.

**Dated June 30, 2023, in Kansas City, Kansas.**


                                        **S/  Julie A. Robinson**
                                        **JULIE A. ROBINSON**
                                        **UNITED STATES DISTRICT JUDGE**